**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Wayne Webel, | No. CV-20-01696-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

    Pending before the Court is the motion for an award of attorneys' fees under 42 U.S.C. § 406(b), (Doc. 24), submitted by Plaintiff's counsel, Mark Caldwell ("Counsel"), to which the Commissioner did not file an opposition.[1] Counsel seeks $9,960.00 in § 406(b) fees. (*Id.* at 1.) Plaintiff was awarded $78,158.00 in past-due benefits. (Doc. 25-1.) Thus, Counsel's requested award is 12.7% of the past-due benefits award.

    The client-attorney fee agreement provides for a contingency fee—Plaintiff agreed that the attorneys' fee would be 25% of all past-due benefits awarded to her. (Doc. 25-2 at 2.) This is unsurprising, as 25% contingency fee agreements are nearly ubiquitous in the context of social security appeals. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802–04 (2002). Counsel requests only half of the contracted-for fees.

    Section 406(b) "calls for court review" of contingency fee agreements. *Id.* at 807–08. "Congress has provided one boundary line: Agreements are unenforceable to the

---

[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question" because the fees, if granted, will be taken out of Plaintiff's past-due benefits, and therefore the Commissioner's role "resembl[es] that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

The Court must determine whether it is appropriate to reduce Counsel's recovery "based on the character of the representation and the results the representative achieved" by assessing, for example, whether Counsel is "responsible for delay" or whether "the benefits are large in comparison to the amount of time counsel spent on the case."[2] *Id.* at 808. Counsel included a record of the hours he spent representing Plaintiff. (Doc. 25-1.) Having reviewed the timesheet, the Court finds no cause to reduce the amount Counsel seeks.[3]

Accordingly,

**IT IS ORDERED** that Counsel's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 24) is **GRANTED** in the amount of $9,960.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of the EAJA fee award and the § 406(b) fee award to Plaintiff.

Dated this 9th day of January, 2023.

Dominic W. Lanza
United States District Judge

---

[2] This determination does not equate to use of the lodestar method. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past-due benefits at all.").

[3] Counsel "ask[s] the Court's indulgence to present another point of view" and argues that "a more reasonable section 406(b) fee would be $12,300.00, equaling $1500 per hour for 8.3 hours devoted to Webel's case." (Doc. 25 at 5-7.) The Court has concerns that a $1,500 hourly rate might constitute a windfall. *Solomon v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4355635, *5 (D. Ariz. 2021) (finding hourly rate of $1,043.77 excessive). At any rate, it appears that Counsel exercised discretion in formally requesting a lower amount, and the Court will grant the amount that Counsel seeks.

- 2 -